[Civ. No. 16832.   Second Dist., Div. One.   May 25, 1949.]

LAURETTA M. GARCIA, Appellant, v. CITY OF SANTA MONICA et al., Respondents.

A. W. Brunton for Appellant.

Tripp & Callaway for Respondents.

DORAN, J.—This is an appeal by plaintiff from the judgment following a jury verdict for defendants.

According to appellant, "Plaintiff, Lauretta M. Garcia, seeks to recover damages for personal injuries and moneys expended as a result thereof, caused by the negligence of defendant, police officer, John Twiford, while engaged in the

due course of his employment, at which time he used an automobile owned by the defendant, City of Santa Monica to push an automobile in which plaintiff was riding as a passenger. The car in which plaintiff was riding was pushed in such a manner as to cause it to jump the curb and collide with a power pole. As a result of the officer's negligence plaintiff sustained serious injuries and substantial damage.''

■ It appears from the record that the accident occurred about 2 o'clock a. m. in the city of Santa Monica. Plaintiff's car was "stalled" and defendant Twiford and another officer in a police car undertook to start the motor by shoving the car. Officer Twiford testified:

"A. We stopped pushing the car at 15th, and it appeared to be started, just showed on the crosswalk, what would be the crosswalk on this side of 15th.

.  .  .  .  .  .  .  .  .  .  .

"Q. You say you started to turn down 15th? A. Yes.

"Q. And the other car had gone on across 15th? Yes; it was apparently operating under its own power at that time. We were going back down to start our patrol.''

Following the accident plaintiff signed the following statement relating to the accident:

"January 25, 2:12 a. m. I, Eleanor Rivas with Lauretta Wingate, was sitting in our car which was stalled in the middle of the intersection at 14th and Montana, headed east on Montana. When Officer Twiford and Cook passed in a squad car we asked for assistance and were told that they were on a detail and would be back to help us if we were still there when they finished their detail. The officers came back and said they would push us out of the intersection and see if our car would start. They pushed us up 15th and Montana where they released us. Our car went out of control near the alley between 15th and 16th Street when the steering gear locked. We jumped the curb and struck a telephone pole head-on.''

■ It is contended on appeal that the evidence is "insufficient to sustain the verdict'' and that certain instructions as given, as well as the failure to give others, amounted to error. It is argued in connection with the latter contention that, "The refused instructions were to have been given in the event there was no conflict in the testimony on these questions of fact. The trial court, however, rejected the instructions which were applicable, according to the evidence, and gave the inapplicable instructions. Since appellant was required to submit her instructions in advance and could not be certain

as to what facts would be established by the respondent Twiford, she had a right to expect that the inapplicable instructions would not be given and that the rejected instructions would be given.''

The instructions referred to related to the issue as to whether, ''the officers were acting within the scope of their employment.'' It is contended by appellant that the evidence was not conflicting on this issue. The record does not appear to sustain appellant's contention in this regard. The complaint alleges and the answer denies that the officers were acting, ''within the course and scope of their employment.'' And it cannot be successfully contended, from a review of the record, that the evidence is not in conflict on this issue. The instructions on this issue and other instructions to which appellant excepts relating to the Vehicle Code did not amount to prejudicial error.

The evidence was amply sufficient to sustain the verdict.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.